**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INFOSYS LIMITED,<br><br>     Petitioner,<br><br>v.<br><br><br>WHITTLE MANAGEMENT, INC.,<br><br>     Respondent. | Case No. _____<br><br>Hon. _____<br>Mag. _____ |

**PETITION TO COMPEL ARBITRATION PURSUANT**
**TO SECTION 4 OF THE FEDERAL ARBITRATION ACT**

Petitioner Infosys Limited ("Infosys") states as follows for its Petition to Compel Arbitration against Respondent Whittle Management, Inc. ("Whittle"):

**NATURE OF THE ACTION**

1. Infosys brings an action to compel arbitration under 9 U.S.C. § 4 for Whittle's failure to comply with Section 17.7 of the parties' Master Service Agreement dated January 7, 2019 (the "MSA"), which requires the parties to resolve disputes arising under the MSA by arbitration.

2. Infosys seeks an Order compelling Whittle to cooperate with Infosys in (i) selecting an arbitral body and (ii) responding to Infosys' Notice and Demand for Arbitration. Alternatively, including without limitation in the event that Whittle does not respond to this Petition, Infosys seeks an Order designating the International Centre for Dispute Resolution as the arbitral body for this matter.

## PARTIES

3.      Infosys is a foreign corporation with its principal place of business located at Electronics City, Hosur Road, Bangalore 560 100, India. Infosys is a multinational corporation that provides business consulting, information technology, and outsourcing services.

4.      Whittle is a Delaware corporation. At all times relevant to the services provided under the MSA and giving rise to this matter, Whittle had its principal place of business located at 54 West 40th Street, New York, New York. Whittle is engaged in the business of private education.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000,00, exclusive of interest and costs as Infosys is seeking damages against Whittle for its failure to pay certain invoices for services totaling approximately $1,545,854.08.

6.      Venue is proper in this Court pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in New York. Venue is also proper in the Southern District of New York because the written arbitration agreement provides for binding arbitration in New York, New York.

## FACTUAL ALLEGATIONS

### I.      Master Service Agreement

7.      On or around January 7, 2019, Whittle and Infosys entered into the MSA under which Infosys would provide certain software services to Whittle upon receipt of a Work Order (as the term is defined in the MSA).

8.      Between August 2019 and July 2020, Infosys billed Whittle for services pursuant to Work Orders issued by Whittle at its specific instance and request (the "Invoices").

2

## II.     Whittle Breaches the MSA

9.      Infosys performed, and Whittle accepted, all services provided pursuant to the Invoices without protest.

10.     However, Whittle has failed to timely remit payments within thirty (30) days of receipt of each of the Invoices, as required under the MSA, and has defaulted on the Invoices and its stated account with Infosys.

11.     The total amount due under the Invoices for services rendered and accepted by Whittle is $1,545,854.08.

12.     Between August 2020 and February 2021, Infosys sent multiple letters to Whittle demanding payment for the unpaid Invoices, indicating Infosys would proceed with arbitration if Whittle continued to ignore its obligations under the MSA and Invoices.

13.     Despite demand, Whittle has failed to remit payment for the amounts due and owing under the Invoices to Infosys.

14.     Indeed, Whittle has failed to engage in any good faith discussions to resolve its payment deficiencies.

## III.    Whittle Refuses to Arbitrate

15.     Having failed to make any payments for the amounts due and owing under the Invoices, Infosys initiated arbitration pursuant to the MSA.

16.     Pursuant to Section 17.7 of the MSA, all disputes arising under the MSA are to proceed to arbitration:

SECTION 17.7 OF MSA

17.7    Dispute Resolution and Arbitration: In the event of any dispute arising out of or in connection with this Agreement or any Work Order issued hereunder, the parties will attempt in good faith to resolve such dispute through negotiations between them. Where the parties are unable to resolve a dispute by means of negotiation, the dispute shall be finally settled by arbitration conducted in accordance with the rules of the United Nations Commission and International Trade Law (UNCITRAL) as in effect on the Effective Date of this Agreement (the "UNCITRAL Rules"). Such disputes will be resolved by majority decision of three (3) arbitrators as determined herein under the UNCITRAL Rules. Each party will appoint one (1) arbitrator within thirty (30) days of a request by the other party for arbitration pursuant to this Agreement. The third arbitrator will be appointed by the arbitrators appointed by the parties within thirty (30) days of the selection of the second arbitrator. The third arbitrator will serve as chairman of the arbitration. The seat of arbitration will be New York, New York. The language of the arbitration will be English. Each party will bear its own expenses in the arbitration and will share equally the costs of the arbitration; provided, however, that the arbitrators may, in their discretion, award costs and fees to the prevailing party. Judgment upon the award may be entered in any court having jurisdiction over the award or over the applicable party or its assets.

17.    Pursuant to Article 3 of the UNCITRAL Rules, either party can initiate arbitration by sending notice to the other party including, among other things, a description of the claim, the amount involved, and relief or remedy sought.

18.    On March 26, 2021, Infosys sent Whittle a Demand for Arbitration outlining the basis of its claims against Whittle along with a Notice of Arbitration requesting Whittle to, among other things, agree to designate the International Centre for Dispute Resolution as the parties' arbitral body.

19.    Pursuant to Article 4 of the UNCITRAL Rules, Whittle was required to respond to Infosys' Demand for Arbitration and request to designate an arbitral body on or before April 26, 2021.

20.    As of the date of this Petition, Whittle has failed or refused to respond to Infosys' Notice or Demand for Arbitration.

4

21.     By the plain terms of the MSA and applicable law, Infosys' claims against Whittle can only be brought in arbitration proceedings to be held in New York, New York. However, Whittle has refused to adhere to the arbitration procedure it agreed to in Section 17.7 of the MSA.

**COUNT I**
**(Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)**

22.     Infosys repeats and re-alleges the allegations set forth in Paragraphs 1 through 21 above as if fully set forth herein.

23.     The MSA is a valid and enforceable contract.

24.     Whittle has failed, neglected, or otherwise refused to respond to Infosys' properly issued Notice and Demand for Arbitration as required by Section 17.7 of the MSA and the UNCITRAL Rules incorporated therein.

25.     Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court has authority to compel Whittle to follow the arbitration procedure outlined in Section 17.7 of the MSA.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner Infosys demands judgment as follows:

1.     That this Court issue an Order, pursuant to Section 4 of the Federal Arbitration Act compelling Whittle to cooperate with Infosys in (i) selecting an arbitral body and (ii) responding to Infosys' Notice and Demand for Arbitration.  Alternatively, including without limitation in the event that Whittle does not respond to this Petition, Infosys seeks an Order designating the International Centre for Dispute Resolution as the arbitral body for this matter; and

2.     That this Court grant any other relief in favor of Infosys that it deems just and proper.

Dated: May 14, 2021                    Respectfully Submitted,

                                       /s/        *David S. Almeida*
                                       BENESCH, FRIEDLANDER,
                                         COPLAN & ARONOFF LLP
                                       David S. Almeida
                                       Charles Leuin (*pro hac vice* forthcoming)
                                       Ashleigh J. Morpeau  (*pro hac vice* forthcoming)
                                       71 S. Wacker Drive, Suite 1600
                                       Chicago, IL  60606
                                       Telephone:  (312) 212-4949
                                       Email:  dalmeida@beneschlaw.com
                                               cleuin@beneschlaw.com
                                               amorpeau@beneschlaw.com

                                       *Attorneys for Petitioner*

14532167 v6